FRANCIS STEELE, APPELLEE, V. JAMES NEMER, APPELLANT.
26 N. W. 2d 185

Filed February 21, 1947. No. 32184.

*James Nemer*, pro se, for appellant.

*Pierson & Scheele, Chambers & Holland,* and *John R. Dudgeon*, for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL, and WENKE, JJ., and NUSS, District Judge.

SIMMONS, C. J.

This is an action in replevin. Issues were joined and trial had. The trial court, on motion of the plaintiff, discharged the jury, entered judgment for the plaintiff for possession and nominal damages. Defendant appeals. We affirm the judgment of the trial court.

Plaintiff alleged that on September 12, 1945, he sold personal property consisting of the fixtures, equipment, and supplies of a cafe to the defendant; that on said date defendant executed and delivered to plaintiff a promissory note in the sum of $1,500, payable November 12, 1945, and secured the same by a chattel mortgage on the personal property involved; that defendant failed to make payment of the note; and that because of the default in payment and by the terms of the mortgage, the plaintiff was entitled to possession of the property. Plaintiff prayed for judgment of possession, or, in lieu thereof, judgment for $1,500. Defendant filed an answer and cross-petition and later on an amended answer in which he denied generally and alleged payment. A reply was filed. Trial was had with the result above stated.

Defendant was represented in the trial court by counsel. He appears here pro se. As we understand his appeal, he contends that he offered evidence establishing payment, and that the trial court erred in not submitting the issue to the jury.

The evidence shows that in June 1945, plaintiff and defendant entered into negotiations for the sale and purchase of the cafe property. There is no evidence of the agreement reached, except as to the purchase price of $8,100 preliminary to a formal contract that was not drawn. It is undisputed that defendant paid plaintiff $3,000, and took possession and operated the cafe for five days. At the end of that time possession was returned to plaintiff, defendant keeping the cash receipts for the period amounting to about $2,300, and plaintiff assuming all costs of operation including about $850 for pay roll, about $625 for bills incurred during the period, and about $400 for depleted inventory.

In August 1945, plaintiff and defendant again negotiated on the sale and purchase of the property, resulting in a written contract executed September 12, 1945, wherein defendant agreed to pay for the property the sum of $7,500. Of this amount, $6,000 was to be payable at the time of delivery of title and possession, and $1,500 to be represented by a promissory note payable in two months.

The note dated September 12 and payable November 12, 1945, was executed and delivered, along with the chattel mortgage. The $6,000 was paid by three separate checks for $1,000, $2,000, and $3,000 on different banks. Defendant entered into possession of the property.

The checks for $1,000 and $2,000 were honored and paid. The check for $3,000 was returned marked "Insufficient funds." On September 18, plaintiff presented the check to defendant. Defendant gave plaintiff two checks for $1,500, one dated September 18, 1945, and one "Post Dated" September 20, 1945. The $3,000 check was returned later to defendant. The postdated check

was returned marked "Payment Stopped" and not thereafter paid. The check for $1,500, dated September 18, 1945, was paid September 20, 1945. It is this check which defendant contends here constituted payment of the note dated September 12, 1945, and payable November 12, 1945. There is no evidence of any kind to support defendant's contention that the check of September 18 constituted payment of the note. Defendant's own testimony negatives any such contention and in fact corroborates plaintiff's testimony as to the origin and purpose of the check.

Defendant testified that plaintiff did not receive payment of the $3,000 check "For the reason that I had discovered that I was entitled to previous credits." Defendant admitted the giving of the two $1,500 checks on September 18, 1945, and the return to him of the unpaid $3,000 check. He admits the payment of the one $1,500 check and that payment was stopped on the other, and that it has not since been paid.

We are of the opinion that defendant's evidence does not present a jury question as to the issue of payment.

Defendant presents other matters in his brief. They are either without the record, without the issues, or without merit.

The judgment of the trial court is affirmed.

AFFIRMED.